Lyons & Flood, LLP
65 West 36th St., 7th Floor
New York, New York 10018
Telephone: (212) 594-2400

Attorneys for Defendants
Gretchen Shipping Inc.
Kyma Ship Management Inc.
Paris Katsoufis
Lambros Katsoufis

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMMODITIES & MINERALS                          13 Civ. 6548 (PKC)
ENTERPRISE LTD.,

                          Plaintiff,

            -against-                            **ANSWER TO
                                                AMEND COMPLAINT
GRETCHEN SHIPPING INC.,** *et al.*,              **AND COUNTERCLAIM**

                          Defendants.

        Gretchen Shipping Inc. ("Gretchen"), Kyma Ship Management Inc. ("Kyma"), Paris

Katsoufis ("PK"), and Lambros Katsoufis ("LK") (or alternatively the "Gretchen defendants"),

by their attorneys, Lyons & Flood, LLP, as and for their Answer to the Amended Complaint of

Commodities & Minerals Enterprise Ltd. ("CME"), and as and for the Counterclaim of Gretchen,

allege upon information and belief as follows:-

## PRELIMINARY STATEMENT

1.      Deny the allegations of paragraph 1 of the Amended Complaint.

2.      Admit that as a result of meetings among certain representatives of the plaintiff

and defendants, the M/V GENERAL PIAR (the "Vessel") was chartered by CME, but except as

so specifically admitted herein, deny the remaining allegations of paragraph 2 of the Amended Complaint.

3.      The allegations contained in paragraph 3 of the Amended Complaint set forth legal conclusions to which no response is required.   However, to the extent an answer is required, deny the allegations therein.

## JURISDICTION AND VENUE

4.      Admit the allegations contained in paragraph 4 of the Amended Complaint only as to Gretchen for Counts V and X, but except as so specifically admitted herein, deny the remaining allegations set forth in paragraph 4 of the Amended Complaint.

5.      Admit the allegations contained in paragraph 5 of the Amended Complaint only as to Count IV, but except as so specifically admitted herein, deny the remaining allegations set forth in paragraph 5 of the Amended Complaint.

6.      Deny the allegations contained in paragraph 6 of the Amended Complaint.

7.      Admit the allegations contained in paragraph 7 of the Amended Complaint.

8.      Deny the allegations contained in paragraph 8 of the Amended Complaint.

9.      Admit proper venue as to Gretchen, but except as specifically admitted herein, deny the remaining allegations contained in paragraph 9 of the Amended Complaint.

## FACTUAL BACKGROUND

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint.

11.     Admit the allegations contained in paragraph 11 of the Amended Complaint.

12.     Admit that Kyma is a ship management company organized and existing under the laws of the Republic of Panama, that it has a registered office in Panama City, Panama, and

that it has a current business address in Miami, Florida, but except as so specifically admitted herein, deny the remaining allegations contained in paragraph 12 of the Amended Complaint.

13.     Admit that LK executed the Charter and Addenda on behalf of Gretchen as its Secretary, but except as so specifically admitted herein, deny the remaining allegations contained in paragraph 13 of the Amended Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint.

16.     Admit the allegations contained in paragraph 16 of the Amended Complaint.

17.     Admit the allegations contained in paragraph 17 of the Amended Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Amended Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint.

20.     Admit that the Vessel is a self-discharging bulk carrier of approximately 62,594 dwt., but except as so specifically admitted herein, deny the remaining allegations contained in paragraph 20 of the Amended Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Amended Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Amended Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Amended Complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Amended Complaint.

25.     Admit that the Vessel carried iron ore between one or more locations on the Orinoco River and the M/V BOCA GRANDE II, but except as so specifically admitted herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25 of the Amended Complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Amended Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Amended Complaint.

29.     Admit that PK invited Tyrone Serrao to dinner at his house, and that in November 2009 PK, Stephen Harrington, and Gerardo Vazquez visited CME in Venezuela, but except as so specifically admitted herein, the remaining allegations in paragraph 29 which are otherwise directed to and/or relate to the Gretchen defendants are denied herein, and except as so specifically admitted or denied, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the Amended Complaint.

30.     Admit that in November and December 2009 PK corresponded with CME via e-mail regarding the Vessel, and that in December 2009 a Letter of Intent was sent to CME, the terms of which speak for themselves, but except as so specifically admitted herein, the remaining

allegations in paragraph 30 which are otherwise directed to and/or relate to the Gretchen defendants are denied, and except as so specifically admitted or denied herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 of the Amended Complaint.

31.    Admit that in December 2009 PK and Arturo Contreras visited the Vessel in Jacksonville, Florida, but except as so specifically admitted herein, the remaining allegations in paragraph 31 which are otherwise directed to and/or relate to the Gretchen defendants are denied, and except as so specifically admitted or denied herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31 of the Amended Complaint.

32.    Admit that in January 2010 CME sent a proposed charter party to Kyma, but except as so specifically admitted herein, the remaining allegations in paragraph 32 which are otherwise directed to and/or relate to the Gretchen defendants are denied, but except as so specifically admitted or denied herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32 of the Amended Complaint.

33.    Admit that in January 2010 a meeting was held in Miami to discuss the terms of the charter party, but except as so specifically admitted herein, the remaining allegations in paragraph 33 which are otherwise directed to and/or relate to the Gretchen defendants are denied, but except as so specifically admitted or denied herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33 of the Amended Complaint.

34.    Admit that the parties negotiated the terms of the charter party, but except as so specifically admitted herein, the remaining allegations in paragraph 34 which are otherwise

directed to and/or relate to the Gretchen defendants are denied, but except as so specifically admitted or denied herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34 of the Amended Complaint.

35.     Admit that in January 2010 negotiations were held in Miami concerning the charter and that present were, among others, PK, LK, Mark Davis, Tyrone Serrao, Carlos Suarez, Stephen Harrington, and Gerardo Vazquez, but except as so specifically admitted herein, the remaining allegations in paragraph 35 which are otherwise directed to and/or relate to the Gretchen defendants are denied, and except as so specifically admitted or denied, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35 of the Amended Complaint.

36.     Admit that the BALTIME 1939 form charter party does not contain a force majeure clause, but except as so specifically admitted herein, the remaining allegations in paragraph 36 which are otherwise directed to and/or relate to the Gretchen defendants are denied, but except as so specifically admitted or denied herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36 of the Amended Complaint.

37.     Admit that in January 2010 the parties agreed to the Charter Party dated January 25, 2010, the terms of which speak for themselves, and that CME agreed to open a standby letter of credit, but except as so specifically admitted herein, the remaining allegations in paragraph 37 which are otherwise directed to and/or relate to the Gretchen defendants are denied, but except as so specifically admitted or denied herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 37 of the Amended Complaint.

38.     The allegations in paragraph 38 of the Amended Complaint which are directed to and/or relate to the Gretchen defendants are denied, but except as so specifically denied herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Amended Complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Amended Complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Amended Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Amended Complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Amended Complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Amended Complaint.

45.     Admit that the Vessel has been re-delivered to Gretchen, but except as so specifically admitted herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 45 of the Amended Complaint.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Amended Complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Amended Complaint.

48.     Admit that the Charter Party contains provisions concerning the payment of hire and the establishment of a standby letter of credit, the terms of which speak for themselves, but except as so specifically admitted herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 48 of the Amended Complaint.

49.     The allegations in paragraph 49 of the Amended Complaint which are directed to and/or relate to the Gretchen defendants are denied, but except as so specifically denied herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 49.

50.     Deny the allegations contained in paragraph 50 of the Amended Complaint.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Amended Complaint.

52.     Admit that Gretchen produced certain documents to CME in January 2013 in connection with the first arbitration between Gretchen and CME, but except as so specifically admitted herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 52 of the Amended Complaint.

53.     Admit that Stephen Harrington and Gerardo Vazquez received commission payments under the Charter Party from Gretchen, but except as so specifically admitted herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 53 of the Amended Complaint.

54.     Admit that Stephen Harrington and Gerardo Vazquez received equal commission payments under the Charter Party from Gretchen, but except as so specifically admitted herein,

deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 54 of the Amended Complaint.

55.    Admit that the Charter contains a provision on brokerage commission, the terms of which speak for themselves, and that both Stephen Harrington and Gerardo Vazquez have nominated an arbitrator, but except as so specifically admitted herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55 of the Amended Complaint.

56.    Admit that the Charter Party contains a provision concerning a shipbroker, the terms of which speak for themselves, but except as so specifically admitted herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 56 of the Amended Complaint.

57.    Admit that $399,533.60 x 0.025 = $9,988.84, but except as so specifically admitted herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 57 of the Amended Complaint.

58.    Admit that the Charter Party contains a provision concerning the rate of hire, the terms of which speak for themselves, but except as so specifically admitted herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58 of the Amended Complaint.

59.    Admit that the Charter Party contains a provision concerning the rate of hire, the terms of which speak for themselves, that $25,641.03 x 0.02 = $512.82, and that $512.82 + $25,641.03 = $26,153.85, but except as so specifically admitted herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 59 of the Amended Complaint.

60.     Admit that the Charter Party contains a provision concerning the rate of hire, the terms of which speak for themselves, that $26,153.85 x 0.02 = $523.08, and that $523.08 + $26,153.85 = $26,676.93, but except as so specifically admitted herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 60 of the Amended Complaint.

61.     Admit that the Charter Party contains a provision concerning the rate of hire, the terms of which speak for themselves, and that $26,676.93 x 15 = $400,153.95, but except as so specifically admitted herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 61 of the Amended Complaint.

62.     Admit that $400,153.95 x 0.025 = $10,003.84, but except as so specifically admitted herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 62 of the Amended Complaint.

63.     Admit that $10,003.84 - $9,988.84 = $15.00, but except as so specifically admitted herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 63 of the Amended Complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Amended Complaint.

65.     With respect to the allegations contained in paragraph 65 of the Amended Complaint, admit that "V&H Ventures, Ltd." contains the first initials of the last names of defendants Stephen Harrington and Gerardo Vazquez.

66.     With respect to the allegations contained in paragraph 66 of the Amended Complaint, those allegations in this paragraph which are directed to and/or relate to the Gretchen defendants are denied, but except as so specifically denied herein, deny knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 66 of the Amended Complaint.

67.    Admit that in September 2013 CME filed an action against Gretchen in the federal court in the Middle District of Florida under docket number 8:13-cv-2512-JSM-MAP, the relief sought being described in the filed papers, and that this Tampa action was subsequent to CME's attempt in this Court to wrongfully attach property, but except as so specifically admitted herein, deny the truth of the remaining allegations contained in paragraph 67 of the Amended Complaint.

68.    Admit that on October 4, 2013, Gretchen filed a motion to vacate the wrongful attachment sought by CME and that what occurred during the Court hearing is noted on the record, but except as so specifically admitted herein, deny the truth of the remaining allegations contained in paragraph 68 of the Amended Complaint.

69.    Admit that CME demanded a second arbitration and nominated Anthony J. Siciliano as its arbitrator in the second arbitration, but except as so specifically admitted herein, deny the truth of the remaining allegations contained in paragraph 69 of the Amended Complaint.

70.    With respect to the allegations contained in paragraph 70 of the Amended Complaint, admit that the Gretchen defendants have responded to CME's demand for arbitration in terms that speak for themselves as per the referenced correspondence; the remaining allegations in paragraph 70 which are otherwise directed to and/or relate to the Gretchen defendants are denied, but except as so specifically admitted or denied herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 70 of the Amended Complaint.

71.     With respect to the allegations contained in paragraph 71 of the Amended Complaint, admit that CME's counsel wrote to Gretchen, among others, in October 2013 in terms that speak for themselves as per the referenced correspondence.

72.     With respect to the allegations contained in paragraph 72 of the Amended Complaint, admit that CME's counsel wrote to the other defendants in terms that speak for themselves as per the referenced correspondence.

## **COUNT I**

73.     In answer to paragraph 73 of the Amended Complaint, the Gretchen defendants repeat and re-allege their answers to paragraphs 1 through 72 of the Amended Complaint as if fully set forth herein.

74.     Admit that LK is a Florida-licensed attorney, but except as so specifically admitted herein, deny the remaining allegations contained in paragraph 74 of the Amended Complaint.

75.     Deny the allegations contained in paragraph 75 of the Amended Complaint.

76.     Deny the allegations contained in paragraph 76 of the Amended Complaint.

77.     Deny the allegations contained in paragraph 77 of the Amended Complaint.

78.     Admit that LK is a Florida-licensed attorney, but except as so specifically admitted herein, deny the remaining allegations contained in paragraph 78.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Amended Complaint.

80.     Admit the Vessel was re-delivered to Gretchen on a without prejudice basis, but except as so specifically admitted herein, deny the remaining allegations contained in paragraph 80 of the Amended Complaint.

81.     Deny the allegations contained in paragraph 81 of the Amended Complaint.

82.     Deny the allegations contained in paragraph 82 of the Amended Complaint.

## COUNT II

83.     In answer to paragraph 83 of the Amended Complaint, the Gretchen defendants repeat and re-allege their answers to paragraphs 1 through 82 of the Amended Complaint as if fully set forth herein.

84.     Admit that LK is a Florida-licensed attorney, but except as so specifically admitted herein, deny the remaining allegations contained in paragraph 84 of the Amended Complaint.

85.     Deny the allegations contained in paragraph 85 of the Amended Complaint.

86.     Deny the allegations contained in paragraph 86 of the Amended Complaint.

87.     Deny the allegations contained in paragraph 87 of the Amended Complaint.

88.     Deny the allegations contained in paragraph 88 of the Amended Complaint.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Amended Complaint.

90.     Deny the allegations contained in paragraph 90 of the Amended Complaint.

## COUNT III

91.     In answer to paragraph 91 of the Amended Complaint, the Gretchen defendants repeat and re-allege their answers to paragraphs 1 through 90 of the Amended Complaint as if fully set forth herein.

92.     The allegations contained in paragraph 92 of the Amended Complaint set forth legal conclusions to which no response is required.   However, to the extent an answer is required, deny the allegations contained in paragraph 92 of the Amended Complaint.

93.     Deny the allegations contained in paragraph 93 of the Amended Complaint.

94.     Deny the allegations contained in paragraph 94 of the Amended Complaint.

95.     The allegations contained in paragraph 95 of the Amended Complaint set forth legal conclusions to which no response is required.   However, to the extent an answer is required, deny the allegations contained in paragraph 95 of the Amended Complaint.

96.     Deny the allegations contained in paragraph 96 of the Amended Complaint.

97.     Deny the allegations contained in paragraph 97 of the Amended Complaint.

98.     Deny the allegations contained in paragraph 98 of the Amended Complaint.

## COUNT IV

99.     In answer to paragraph 99 of the Amended Complaint, the Gretchen defendants repeat and re-allege their answers to paragraphs 1 through 98 of the Amended Complaint as if fully set forth herein.

100.     Deny the allegations contained in paragraph 100 of the Amended Complaint.

101.     Deny the allegations contained in paragraph 101 of the Amended Complaint.

102.     Deny the allegations contained in paragraph 102 of the Amended Complaint.

103.     Deny the allegations contained in paragraph 103 of the Amended Complaint.

104.     Deny the allegations contained in paragraph 104 of the Amended Complaint.

105.     Deny the allegations contained in paragraph 105 of the Amended Complaint.

106.     Deny the allegations contained in paragraph 106 of the Amended Complaint.

## COUNT V

107.     In answer to paragraph 107 of the Amended Complaint, the Gretchen defendants repeat and re-allege their answers to paragraphs 1 through 106 of the Amended Complaint as if fully set forth herein.

108.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Amended Complaint.

109.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Amended Complaint.

110.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the Amended Complaint.

111.     Admit that Gretchen entered into the Charter Party with CME for a period of sixty (60) months as per the terms therein, but except as so specifically admitted herein, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 111 of the Amended Complaint.

112.     Deny the allegations contained in paragraph 112 of the Amended Complaint.

113.     Deny the allegations contained in paragraph 113 of the Amended Complaint.

## COUNT VI

114.     In answer to paragraph 114 of the Amended Complaint, the Gretchen defendants repeat and re-allege their answers to paragraphs 1 through 113 of the Amended Complaint as if fully set forth herein.

115.     Deny the allegations contained in paragraph 115 of the Amended Complaint.

116.     Deny the allegations contained in paragraph 116 of the Amended Complaint.

117.     Deny the allegations contained in paragraph 117 of the Amended Complaint.

118.    Admit that LK is a Florida-licensed attorney, but except as so specifically admitted herein, deny the remaining allegations contained in paragraph 118.

119.    Deny the allegations contained in paragraph 119 of the Amended Complaint.

120.    Deny the allegations contained in paragraph 120 of the Amended Complaint.

## COUNT VII

121.    In answer to paragraph 121 of the Amended Complaint, the Gretchen defendants repeat and re-allege their answers to paragraphs 1 through 120 of the Amended Complaint as if fully set forth herein.

122.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122.

123.    Deny the allegations contained in paragraph 123 of the Amended Complaint.

124.    Deny the allegations contained in paragraph 124 of the Amended Complaint.

125.    Deny the allegations contained in paragraph 125 of the Amended Complaint.

## COUNT VIII

126.    In answer to paragraph 126 of the Amended Complaint, the Gretchen defendants repeat and re-allege their answers to paragraphs 1 through 125 of the Amended Complaint as if fully set forth herein.

127.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 of the Amended Complaint.

128.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of the Amended Complaint.

129.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of the Amended Complaint.

130.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 of the Amended Complaint.

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131 of the Amended Complaint.

## COUNT IX

132.    In answer to paragraph 132 of the Amended Complaint, the Gretchen defendants repeat and re-allege their answers to paragraphs 1 through 131 of the Amended Complaint as if fully set forth herein.

133.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 133 of the Amended Complaint.

134.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 134 of the Amended Complaint.

135.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135 of the Amended Complaint.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136 of the Amended Complaint.

## COUNT X

137.    In answer to paragraph 137 of the Amended Complaint, the Gretchen defendants repeat and re-allege their answers to paragraphs 1 through 136 of the Amended Complaint as if fully set forth herein.

138.    Admit the allegations contained in paragraph 138 of the Amended Complaint.

139.    Deny the allegations contained in paragraph 139 of the Amended Complaint.

140.   Insofar as the Gretchen defendants are concerned, deny the allegations contained in paragraph 140 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

141.   The Amended Complaint fails to state any claim upon which relief can be granted.

## SECOND AFFIRMATION DEFENSE

142.   The Court lacks subject matter jurisdiction over the claims against defendants Kyma, PK, and LK.

## THIRD AFFIRMATIVE DEFENSE

143.   The Court lacks personal jurisdiction over defendants Kyma, PK, and LK.

## FOURTH AFFIRMATIVE DEFENSE

144.   This Court is an improper venue for the claims against defendants Kyma, PK, and LK.

## FIFTH AFFIRMATIVE DEFENSE

145.   This Court is an inconvenient forum for the claims against defendants Kyma, PK, and LK.

## SIXTH AFFIRMATIVE DEFENSE

146.   CME has failed to serve process on the Gretchen defendants.

## SEVENTH AFFIRMATIVE DEFENSE

147.   Defendants Kyma, PK, and LK are not parties to the Charter Party and are not bound by its provisions, including its arbitration clause.

## EIGHTH AFFIRMATIVE DEFENSE

148.    The loss or damage, as alleged in the Amended Complaint, was caused by or contributed to by CME, and not by the Gretchen defendants.

## NINTH AFFIRMATIVE DEFENSE

149.    The loss or damage, as alleged in the Amended Complaint, was caused in whole or in part by CME's breach of its obligations and duties under law and any applicable contract.

## TENTH AFFIRMATIVE DEFENSE

150.    CME's claims are barred, in whole or in part, because CME's claimed injuries and damages were not legally or proximately caused by any acts or omissions of the Gretchen defendants and/or were caused, if at all, by market forces, the conduct of third parties, or other factors over which the Gretchen defendants had no control.

## ELEVENTH DEFENSE

151.    CME is guilty of culpable conduct in the events giving rise to the claims described in the Amended Complaint and its recovery, if any, must be diminished in proportion thereto.

## TWELTH DEFENSE

152.    CME's claims are barred, in whole or in part, by waiver, estoppel, unclean hands, laches, ratification, and/or other equitable doctrines.

## THIRTEENTH DEFENSE

153.    CME failed, refused, and/or neglected to take reasonable steps to mitigate its damages, if any, thus barring or diminishing any recovery.

## FOURTEENTH DEFENSE

154.    CME's claims are barred, in whole or in part, because the alleged damages, if any, are speculative and uncertain and because of the impossibility of the ascertainment and allocation of such alleged damages.

## FIFTEENTH DEFENSE

155.    CME's claims are barred, in whole or in part, by the doctrine of set-off for any amounts owed by CME to Gretchen.

## SIXTEENTH DEFENSE

156.    If CME were harmed or sustained any losses as alleged in the Amended Complaint, which is denied, any such harm or losses were caused by or contributed to by the wrongful acts of CME and/or third parties over which the Gretchen defendants had no control and for which the Gretchen defendants are not responsible.

## COUNTERCLAIM OF GRETCHEN

157.    Gretchen is a corporation organized and existing under the laws of the Republic of Liberia and is the registered owner of the Vessel.

158.    Upon information and belief, CME is a company organized and existing under the laws of the British Virgin Island.

159.    In January 2010, Gretchen chartered the Vessel to CME for a period of sixty (60) months as per the terms of the Charter Party at an agreed rate of hire.

160.    CME has breached the Charter Party by, among other actions, failing to pay hire when due and prematurely tendering re-delivery of the Vessel to Gretchen on October 20, 2013.

161.    The damages and losses of Gretchen caused by CME's wrongful cancellation and termination of the Charter Party are $18,413,841.72, as best as such damages can presently be determined, representing the hire that would have been earned by Gretchen under the Charter Party if CME had not wrongfully terminated and cancelled the Charter Party.

162.    Gretchen's claim against CME is subject to arbitration in New York pursuant to the terms of the Charter Party, and Gretchen does not intend to waive its right to such arbitration by asserting a Counterclaim in this action.

WHEREFORE, defendants Gretchen, Kyma, PK, and LK, respectfully pray that:-

    a.  judgment be entered in their favor, dismissing the Amended Complaint in its entirety, with attorneys' fees, disbursements, and costs awarded in their favor;

    b.  judgment be entered in Gretchen's favor and against CME on the Counterclaim herein, together with attorneys' fees, disbursements, and costs awarded in its favor; and

    c.  judgment be entered in their favor for such other and further relief as the Court deems just.

Dated: December 13, 2013
New York, New York

LYONS & FLOOD, LLP
Attorneys for Defendants
Gretchen Shipping Inc., Kyma Ship
Management Inc., Paris Katsoufis,
and Lambros Katsoufis

By: _____
Kirk M. Lyons
Jon Werner
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

## <u>CERTIFICATE OF SERVICE</u>

Erika Tax, an employee of Lyons & Flood, affirms on this 13th day of December 2013, that she electronically filed the foregoing with the Clerk of the Court for the Southern District of New York by using the CM/ECF system, and that all participants in this case which are registered CM/ECF users service, service will be accomplished by the CM/ECF system, and for those non-registered participants, service will be accomplished by US Mail, first-class postage pre-paid.

_____
Erika Tax